**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

ANTHONY CLARK AND
LORETTA NELSON

                              **CIVIL ACTION**

**VERSUS**

                              **NO. 16-862-SDD-EWD**

SYLVIA CHILDS, GEICO GENERAL
INS. CO. (Liability) and GEICO GENERAL
INS. CO. (UM)

**NOTICE**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on June 16, 2017.


**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

# UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

ANTHONY CLARK AND
LORETTA NELSON

CIVIL ACTION

VERSUS

NO. 16-862-SDD-EWD

SYLVIA CHILDS, GEICO GENERAL
INS. CO. (Liability) and GEICO GENERAL
INS. CO. (UM)

## REPORT AND RECOMMENDATION

Before the court is a Motion to Remand[1] filed by plaintiffs, Anthony Clark ("Clark") and

Loretta Nelson ("Nelson") (collectively, Clark and Nelson are "Plaintiffs").  The motion is

opposed by defendants, Sylvia Childs ("Childs") and GEICO General Ins. Co. (Liability) ("GEICO

Liability").[2]  Defendant, GEICO General Ins. Co. (UM) ("GEICO UM"), joined in the opposition

filed by Childs and GEICO Liability[3] (collectively, Childs, GEICO Liability and GEICO UM are

"Defendants").  For the reasons set forth herein, the undersigned recommends[4] that the Motion to

Remand be **DENIED**.

### I.      Background

This suit arises out of a December 12, 2015 motor vehicle accident.  Plaintiffs allege that

while they were passengers in a vehicle operated by Childs, Plaintiffs were injured when Childs

changed lanes and struck a "dual tire and hub assembly resting in the middle of the road," which

---

[1] R. Doc. 8.

[2] R. Doc. 10.

[3] R. Doc. 11.

[4] The Fifth Circuit has held that "a motion to remand is a dispositive matter on which a magistrate judge should enter a recommendation to the district court subject to *de novo* review."  *Davidson v. Georgia-Pacific, LLC*, 819 F.3d 758, 765 (5th Cir. 2016).

impact "caused the vehicle to flip, skid down the interstate and come to rest upside down on Interstate 10."[5]  As a result of the accident, Clark alleges that he sustained injuries to his "neck, back, head, wrist, body and mind, together with past and future mental anguish and physical suffering; past and future loss of enjoyment of life; past and future expenses for medical care; and past and future lost earnings and impaired earning capacity…."[6]  Nelson alleges she sustained injuries to her neck, back, body and mind, together with past and future mental anguish and physical suffering; past and future loss of enjoyment of life; and past and future expenses for medical care.[7]  Plaintiffs seek to recover damages from Childs; GEICO Liability, in its capacity as Childs' liability insurer; and GEICO UM, in its capacity as Childs' uninsured/underinsured motorist insurer. Additionally, the Petition contains the following allegation: "Petitioners show that this case involves damages in excess of $75,000.00, exclusive of interest and costs."[8]

On December 23, 2016, Childs and GEICO Liability removed this action to this court on the basis of federal diversity subject matter jurisdiction, 28 U.S.C. § 1332.[9]  To establish that the requisite amount in controversy is met, the Notice of Removal cites the recitations of Clark and Nelson's injuries from the Petition.[10]  Plaintiffs moved to remand the case on January 23, 2017.[11] Plaintiffs argue that remand is appropriate because Childs and GEICO Liability have failed to meet their burden of proving that the amount in controversy exceeds the jurisdictional threshold.

---

[5] R. Doc. 1-2, ¶¶III & IV.

[6] R. Doc. 1-2, ¶VI.

[7] R. Doc. 1-2, ¶ VII.

[8] R. Doc. 1-2, ¶X.

[9] R. Doc. 1.

[10] *Id*. at ¶VI.

[11] R. Doc. 8.

## II.    Law and Analysis

"A party may remove an action from state court to federal court if the action is one over which the federal court possesses subject matter jurisdiction." *Maze v. Protective Ins. Co.*, 2017 WL 164420, at *1 (E.D. La. Jan. 17, 2017) (citing *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002)).  Pursuant to 28 U.S.C. § 1332(a), district courts shall have jurisdiction "where the matter in controversy exceeds the sum or value of $75,000 exclusive of interests and costs."  The removing party bears the burden of establishing the amount in controversy.  *Allen v. R & H Oil and Gas Co.*, 63 F .3d 1326, 1335 (5th Cir.1995) (citing *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir.1993)).  The parties do not dispute that there is complete diversity.[12]

"While it is well settled that the removing party bears the burden of establishing the facts necessary to show that federal jurisdiction exists, we have applied different standards of proof depending upon whether the complaint alleges a dollar amount of damages.  Where the plaintiff has alleged a sum certain that exceeds the requisite amount in controversy, that amount controls if made in good faith.  *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995) (citing *Gaitor v. Peninsular & Occidental S.S. Co.*, 287 F.2d 252, 253–54 (5th Cir. 1961); *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)); 28 U.S.C. § 1446(c)(2).  In order for a court to refuse jurisdiction "it [must] appear to a legal certainty that the claim is really for less than the jurisdictional amount." *Allen*, 63 F.3d at 1335.

### A.  The Sum Demanded in the Petition is Deemed to be the Amount in Controversy

In accordance with 28 U.S.C. § 1446(c)(2), if an action is removed on the basis of diversity jurisdiction, the sum demanded in good faith in the initial pleading is deemed to be the amount in

---

[12] Plaintiffs are alleged to be citizens of Louisiana.  Childs is alleged to be a citizen of Arizona.  GEICO General Insurance Company is alleged to be a citizen of Maryland and the District of Columbia.  R. Doc. 1, ¶¶ IV and V.

controversy. In their Petition, Plaintiffs allege that "this case involves damages in excess of $75,000.00, exclusive of interest and costs."[13] Absent a showing that the assertion was not in good faith or evidence establishing to a legal certainty that the Plaintiffs' claims are really less than the jurisdictional amount, Plaintiffs' own allegation regarding the amount in controversy controls. This is sufficient for Childs and GEICO Liability to meet their burden of establishing that federal jurisdiction exists. *See*, *Smith v. Accumetrics, Inc.*, 2015 WL 1526464, at *4 (M.D. La. Apr. 3, 2015) ("The Petition specifically seeks recovery, in pertinent part, of '$70,062.10…plus all reasonable attorney's fees for the prosecution of this case.' Accordingly, if the amount demanded in the Petition was made in good faith, it 'shall be deemed to be the amount in controversy.'"). Plaintiffs have presented no basis for a finding that the fact their damages exceed $75,000 was not asserted in good faith, [14] nor have Plaintiffs established "to a legal certainty that the claim is really for less than the jurisdictional amount." *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

**B. It is Facially Apparent that Plaintiffs' Claims Exceed the Jurisdictional Amount**

Even if Plaintiffs' allegations that the requisite jurisdictional amount is exceeded were insufficient to constitute a "sum demanded" pursuant to 28 U.S.C. § 1446(c)(2), it is facially apparent that Plaintiffs' claims likely exceed the jurisdictional amount. Where a plaintiff does not plead a specific amount of money damages in the petition, "the Fifth Circuit requires the removing defendant to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000." *Maze v. Protective Ins. Co.*, 2017 WL 164420, at * 2 (E.D. La. Jan. 17, 2017) (citing

---

[13] R. Doc. 1-2, ¶X.

[14] The Petition was signed by Plaintiffs' counsel, Austin Marks. R. Doc. 1-2, p. 5. La. Code Civ. P. art. 863 establishes that the signing of a pleading by an attorney constitutes a certification by the attorney that, *inter alia*, "Each allegation or other factual assertion in the pleading has evidentiary support . . . ." Accordingly, by signing the Petition, Plaintiffs' counsel was certifying that the factual assertion regarding the amount in controversy had evidentiary support.

*Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995)). "This requirement is met if (1) it is apparent from the face of the petition that the claims are likely to exceed $75,000, or, alternatively, (2) the defendant sets forth 'summary judgment type' evidence of facts in controversy that support a finding of the requisite amount." *Manguno*, 276 F.3d at 723.

Here, Plaintiffs argue that remand is proper because "Defendants must prove, with affirmative evidence, the value of the present injuries. Defendants include no evidence of damages in their Notice of Removal."[15] Plaintiffs' argument misses the mark; a removing party is only required to put forth summary judgment type evidence to support a finding that the jurisdictional threshold is likely met when the amount in controversy is not facially apparent. *Manguno*, 276 F.3d at 723. Here, based on Plaintiffs' allegation in the Petition, it is facially apparent that the claims are likely to exceed $75,000.00, exclusive of interest and costs. *See*, *Jones v. Dow Chem. Co.*, 885 F. Supp. 905, 910 (M.D. La. 1994) ("The fact that the plaintiffs requested a trial by jury, which is only available under Louisiana law if a plaintiff's claim exceeds $50,000.00, and did not plead damages in such a way as to show lack of federal court jurisdiction, indicates to the Court that the plaintiffs' claims exceed the $50,000.00 amount in controversy requirement."); *Adriatic, Inc. v. Western Geophysical Company*, 1996 WL 426570, at * 2 (E.D. La. July 26, 1996) ("Because of plaintiffs' request for a trial by jury, and because plaintiffs did not allege in their state court petition that their claims do not exceed the $50,000 jurisdictional amount, the Court finds that it is apparent from the face of their petition that the amount in controversy for each 'individual petitioner' exceeds $50,000.00."). Thus, it is not necessary for defendants to provide additional summary judgment type evidence.

---

[15] R. Doc. 8-1, p. 2.

Plaintiffs were the masters of their Petition. They needed only to plead that their damages did not exceed the federal jurisdictional amount to avoid federal subject matter jurisdiction.[16] Instead, Plaintiffs chose to plead the opposite. *See, Johnson v. Sullivan Transfer Co*., No. CIV. A. 97-0239, 1997 WL 256639, at *2 (E.D. La. May 14, 1997) ("if a plaintiff pleads damages less than the jurisdiction amount, he generally can bar a defendant from removal. Thus in the typical diversity case, the plaintiff remains the master of his complaint.") Plaintiffs cannot be heard now to complain that the amount alleged should not be considered to determine whether federal subject matter jurisdiction exists.

### III.    Conclusion

For the reasons set forth herein, the undersigned recommends that the Motion to Remand[17] be **DENIED**.

Signed in Baton Rouge, Louisiana, on June 16, 2017.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[16] La. Code Civ. P. art. 893(A)(1) ("No specific monetary amount of damages shall be included in the allegations or prayer for relief of any original, amended, or incidental demand. The prayer for relief shall be for such damages as are reasonable in the premises except that if a specific amount of damages is necessary to establish the jurisdiction of the court, the right to a jury trial, the lack of jurisdiction of federal courts due to insufficiency of damages, or for other purposes, a general allegation that the claim exceeds or is less than the requisite amount is required. By interrogatory, an opposing party may seek specification of the amount sought as damages, and the response may thereafter be supplemented as appropriate.")

[17] R. Doc. 8.