UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ANTHONY CLARK AND
LORETTA NELSON

CIVIL ACTION

VERSUS

NO. 16-862-SDD-EWD

GEICO GENERAL INSURANCE
COMPANY (in its capacity as liability
motorist carrier), GEICO GENERAL
INSURANCE COMPANY (in its capacity
as uninsured motorist carrier), AND SYLVIA
CHILDS

## RULING AND ORDER ON UNOPPOSED MOTION TO COMPEL

Before the Court is a Motion to Compel, filed by defendant, GEICO General Insurance Company (in its capacity as uninsured motorist carrier)("GEICO General").[1] In the Motion, GEICO General seeks to compel plaintiffs, Anthony Clark ("Clark") and Loretta Nelson ("Nelson")( collectively Nelson and Clark are "Plaintiffs"), to respond to Interrogatories and Requests for Production of Documents propounded on January 25, 2017. GEICO General also seeks reasonable expenses incurred in filing the Motion, including attorney's fees, pursuant to Fed. R. Civ. P. 37(a)(5)(A). Any opposition to this Motion was required to be filed within 21 days after service of the Motion. LR 7(f). More than 21 days have passed since the filing of the Motion and Plaintiffs have not filed an opposition as of the date of this Order. The Motion is therefore unopposed.

---

[1] R. Doc. 13.

For the reasons that follow, the Motion to Compel is **GRANTED**[2] and GEICO General's request for reasonable expenses and attorney's fees under Fed. R. Civ. P. 37(a)(5)(A) is **GRANTED.**

**I.    Background**

This suit arises out of a December 12, 2015 motor vehicle accident.  Plaintiffs allege that while they were passengers in a vehicle operated by Sylvia Childs ("Childs"), Plaintiffs were injured when Childs changed lanes and struck a "dual tire and hub assembly resting in the middle of the road," which impact "caused the vehicle to flip, skid down the interstate and come to rest upside down on Interstate 10."[3]  As a result of the accident, Clark alleges that he sustained injuries to his "neck, back, head, wrist, body and mind, together with past and future mental anguish and physical suffering; past and future loss of enjoyment of life; past and future expenses for medical care; and past and future lost earnings and impaired earning capacity…."[4]  Nelson alleges she sustained injuries to her neck, back, body and mind, together with past and future mental anguish and physical suffering; past and future loss of enjoyment of life; and past and future expenses for medical care.[5]  Plaintiffs seek to recover damages from Childs; GEICO General, in its capacity as Childs' liability insurer; and GEICO General, in its capacity as Plaintiffs' uninsured/underinsured

---

[2] Magistrate judges may "hear and determine" non-dispositive pre-trial motions pursuant to 28 U.S.C. § 636(b)(1)(A). "A motion to compel is a nondispositive, pretrial discovery motion." *State Farm Mut. Auto. Ins. Co. v. Friedman*, 2002 WL 649417, at *1 (N.D. Tex. Jan. 14, 2002) (citing *Castillo v. Frank*, 70 F.3d 382, 385 (5th Cir. 1995)). *See, Turner v. Hayden*, 2016 WL 6993864, at *1 (W.D. La. Nov. 29, 2016) ("The decision by Magistrate Hornsby to deny Turner's Motion to Compel Discovery is a non-dispositive matter."); *U.S. v. Toney*, 2012 WL 2952768, at *1 (W.D. La. July 19, 2012) ("The Court must apply a 'clearly erroneous' or 'contrary to law' standard of review to a magistrate judge's ruling on a nondispositive pre-trial motion, such as a motion to compel." (citations omitted)); *In re Tex. Bumper Exchange, Inc.*, 333 B.R. 135, 138 (Bankr. W.D. Tex. 2005) (holding bankruptcy court's order granting motion to compel discovery was an interlocutory order as the order concerned a nondispositive discovery issue and did not dispose of the merits of litigation).

[3] R. Doc. 1-2, ¶¶III & IV.

[4] R. Doc. 1-2, ¶VI.

[5] R. Doc. 1-2, ¶ VII.

motorist insurer. On December 23, 2016, Childs and GEICO General (in its capacity as liability insurer) removed this action to this court on the basis of federal diversity subject matter jurisdiction, 28 U.S.C. § 1332.[6]

In the instant Motion, GEICO General asserts that it propounded Interrogatories and Requests for Production of Documents on Plaintiffs on January 25, 2017.[7] In a letter dated April 24, 2017, counsel for GEICO General set a discovery conference for May 5, 2017 at 10;00 a.m. to discuss the fact that Plaintiffs had not provided responses to discovery.[8] The letter was sent to counsel for the Plaintiffs via email and facsimile.[9] GEICO General claims that Plaintiff's counsel "did not participate in the conference."[10]

GEICO General filed the instant Motion on June 1, 2017, seeking to compel Plaintiffs to provide responses to the outstanding discovery requests.[11] According to GEICO General, as of the date of filing the Motion, it has not received answers and responses to the outstanding discovery.[12] GEICO General also seeks an award for the reasonable expenses incurred in filing the Motion pursuant to Fed. R. Civ. P. 37(a)(5), including attorney's fees.[13]

## II. Law and Analysis

Under the Federal Rules of Civil Procedure, parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs

---

[6] R. Doc. 1.

[7] R. Doc. 13, p. 1. *See*, R. Doc. 13-2.

[8] R. Doc. 13-3.

[9] *Id.*

[10] R. Doc. 13-4.

[11] R. Doc. 13.

[12] R. Doc. 13, p. 1.

[13] *Id.*, p. 2.

of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1). Federal Rules of Civil Procedure 33 and 34 provide that a party upon whom interrogatories and requests for production of documents have been served shall serve a copy of the answers, and objections if any, to such discovery requests within thirty (30) days after the service of the requests. Fed. R. Civ. P. 33(b)(2) and 34(b)(2)(A). A shorter or longer time may be directed by court order or agreed to in writing by the parties. *Id*.

Pursuant to Fed. R. Civ. P. 37(a)(5)(A), if a motion to compel is granted, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." *See also*, *Nguyen v. Louisiana State Board of Cosmetology*, Civ. Action No. 14-80-BAJ-RLB, 2016 WL 67253, at * 3 (M.D. La. Jan. 5, 2016) ("Because the Court has granted Defendant's Motion to Compel and no exceptions apply, Defendant is entitled to an award of reasonable expenses, including attorney's fees.").

GEICO General has met its burden of proving that the Motion to Compel should be granted. GEICO General's requests seek information regarding Plaintiffs' injuries allegedly sustained and damages incurred, the accident, Plaintiff's involvement in prior accidents that caused injury, health information, other insurance, and matters related to the witnesses to be called and documents to be used as exhibits at trial. The requests also seek to have Plaintiff execute releases for tax returns, medical records, employment records and social security disability records, as well as information regarding Plaintiff's use of social media. The information sought is relevant to this action. GEICO

4

General submitted documentation showing that it propounded Interrogatories and Requests for Production on the Plaintiffs on January 25, 2017.[14] GEICO General also submitted documentation showing that its counsel attempted to schedule the required discovery conference to resolve these issues,[15] but that Plaintiffs' counsel did not participate in the conference and that, as of the time the Motion to Compel was filed, no written responses, answers or objections had been received from Plaintiffs to the discovery requests.[16] Moreover, Plaintiffs have not filed any opposition memorandum to the Motion to Compel. Accordingly, GEICO General's Motion to Compel is granted.

Because GEICO General's Motion to Compel is granted, an award of reasonable expenses is required under Fed. R. Civ. P. 37(a)(5)(A). Plaintiffs were given an opportunity to respond to GEICO General's request for fees but failed to file an opposition. Nonetheless, "the fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Nguyen, supra*, 2016 WL 67253, at * 3. As noted above, GEICO General has not asserted a specific amount of expenses it contends would be reasonable, nor has it submitted evidence of the amount of expenses incurred. In such a circumstance, the undersigned finds an award of $500.00 is reasonable and in keeping with the amounts awarded by other judges in this district for similar motions. *See*, *Doucet v. Dormont Manufacturing Co.*, Civ. Action No. 13-251-SDD-SCR, 2014 WL 2434472, at * 4 (M.D. La. May 29, 2014) ("Defendant did not claim a specific amount of expenses incurred in filing its motion. However, a review of the motion and memoranda supports the conclusion that an award of $450.00 is reasonable."); *Rivera v. Martin J. Donnelly Antique Tools*, Civ. Action No. 14-667-JWD-SCR, 2015 WL 6872506, at * 3 (M.D. La.

---

[14] R. Doc. 13-2.

[15] R. Doc. 13-3.

[16] R. Doc. 13, p. 1.

Nov. 9, 2015) ("Plaintiff has not demonstrated any circumstances which would make an award of expenses to the defendant unjust. Defendant did not submit anything to establish a specific amount of expenses incurred in filing this motion. A review of the motion papers supports finding that an award of $500.00 is reasonable.").

### III.    Conclusion

The discovery at issue is relevant and GEICO General has presented evidence to establish that Plaintiffs failed to timely respond to the requests. Accordingly, GEICO General Insurance Company's Motion to Compel,[17] is **GRANTED.**

**IT IS ORDERED** that plaintiffs, Anthony Clark and Loretta Nelson, shall provide written responses to the outstanding Interrogatories and Requests for Production of Documents[18] within fourteen (14) days of the date of this Ruling and Order. Plaintiffs' answer and responses shall not include objections other than those pertaining to applicable privileges and/or immunities.[19]

**IT IS FURTHER ORDERED** that GEICO General Insurance Company's request for reasonable expenses and attorney's fees under Fed. R. Civ. P. 37(a)(5)(A) is **GRANTED**, and Plaintiffs are **ORDERED** to pay GEICO General Insurance Company $500.00 for the costs and attorney's fees it incurred in filing the Motion to Compel.

---

[17] R. Doc. 13.

[18] R. Doc. 13-2.

[19] "'As a general rule, when a party fails to object timely to interrogatories, production requests, or other discovery efforts, objections thereto are waived.'" *Scott v. United States Postal Service*, Civ. Action No. 15-712-BAJ-EWD, 2016 WL 7440468, at *4 (M.D. La. Dec. 27, 2016)(quoting *In re United States*, 864 F.2d 1153, 1156 (5th Cir. 1989)).

**Failure of Plaintiffs to comply with the terms of this Order may result in additional sanctions.**

Signed in Baton Rouge, Louisiana, on July 10, 2017.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**